No. 2751. State v. Merriman. November Term, 1890. This was a petition by defendant for a rehearing of this cause, alleging nineteen grounds of error in the opinion filed by this court, *ante* p. 28. Upon this petition the following order was endorsed June 17, 1891,

Per Curiam. The court, after a careful examination and consideration of this petition, has reached the conclusion that no material fact or principle of law was overlooked or misunderstood in preparing the opinion heretofore filed, and therefore there is no ground for the rehearing asked for. It is ordered, that this petition be dismissed and that the stay of the *remittitur* heretofore granted be revoked.

No. 2802. The *remittitur* was accordingly sent down, and it appears from the "Case," as settled for a further appeal, that the *remittitur* was filed in the office of the clerk of the Circuit Court for Chesterfield County, on June 19, 1891. At the next term of the Court of General Sessions for this county, the prisoner was brought to the bar of the court before Judge Izlar, presiding, for a resentence, and was asked if he had anything to say why sentence of death should not be again passed upon him, and a new day assigned for his execution. For cause, the defendant showed that prior to the April term, a stay of *remittitur* had been granted by one of the Justices of the Supreme Court, and defendant had filed his petition for rehearing; that on the first day of the April term, Mr. Justice McIver being the only justice present, he had adjourned the court until the November term, unless it should be sooner called together; that there is no provision of law by which that court could again meet before November, and therefore the order of June 17, 1891, (*supra*) dismissing

the petition for rehearing and directing the *remittitur* to issue was inoperative.

The Circuit Judge, stating that he had nothing before him but the *remittitur* of the Supreme Court under the seal of its clerk, overruled the objections and resentenced the prisoner to be hanged on October 23, 1891. The defendant appealed upon exceptions which made the point that there was no legal meeting of the Supreme Court in June, and therefore the order of June 17 was inoperative, and the cause was still pending in that court.

On November 24, 1891, at the opening of the court for the November term, the call of causes from the Fourth Circuit (which includes the County of Chesterfield), not being fixed for that day, the State, by her solicitor, moved, due notice having been given, to dismiss this appeal upon the ground that the resentence of the prisoner, or the naming of a new day for the execution of the sentence previously imposed, and affirmed by the Supreme Court, was not appealable.

*Mr. Johnson*, solicitor, for the motion. *Prince & Stevenson*, contra.

November 25, 1891. MR. JUSTICE McIVER, in rendering the judgment of the court on this motion, said:

This is a motion by the State, respondent, to dismiss the appeal of the defendant, upon the ground that said appeal is taken from an order which merely carries out a previous judgment of the Circuit Court and the mandate of the Supreme Court, which order is therefore not appealable.

Before considering this motion, it is necessary to dispose of a preliminary objection to its hearing at this time made by appellant's attorney, to wit, that under rule 19 of this court, the motion cannot now be heard. Rule 19 is as follows: "XIX. Motions, other than those that arise on the call of a cause, will be heard at the opening of the court on the morning of the day fixed for the call of causes from the Circuit to which they appertain, and not afterwards, without the special leave of the court. When a party intends to move the court that an appeal be dismissed or the cause stricken from the docket, for any irregularity in the taking of the appeal, or in the record filed in this court, such motion must be made at the time assigned by this rule for the hearing of special motions. All motions, whether made be-

fore the court or a Justice at chambers, as to all matters of fact involved, not appearing on the record filed in this court, and not appertaining to the class of which this court takes judicial notice, must be made on affidavits, copies of which must be served on the opposite party, with notice of the motion, in conformity with chap. XI., title 12, second part of the Code of Procedure, at least four days before the day on which such motion may be heard : *Provided*, That upon a proper showing for that purpose, the court or justice before whom the motion is made may prescribe a shorter time." It will be observed that this rule is not *imperative*, but *permissive* only. The second paragraph thereof is imperative; but this applies only to irregularities in the taking of the appeal or in the record filed in this court, and is not applicable to this motion. A motion like the present motion can be heard at any time. In fact, such motions are often made and heard without reference to the time assigned for the call of causes from the Circuit to which the case belongs.

Is the motion well founded ? There is no doubt in our minds that it is. In the case of *Clayton* v. *Mitchell* (33 S. C., 599), the motion before this court was to dismiss the appeal from a judgment of the Circuit Court conforming to the directions contained in the judgment of this court previously rendered. This court granted the motion, saying : "This being an appeal from a judgment rendered by the Circuit Court in conformity to the instructions of this court at the hearing of the former appeal herein, the matter is clearly not appealable." There is no difference between this case and *Clayton* v. *Mitchell, supra.* The Circuit Judge was not required to *resentence* the defendant, but to assign a day for the execution of the sentence previously pronounced ; and what he did in that respect was an act of supererogation. The Circuit Judge was bound to carry out the judgment of this court—simply to fix a new day for the execution of the sentence. Such has been the practice for perhaps a century. See Miller's Compilation, p. 151. There was nothing to appeal from. . The Circuit Judge could not undertake to review the judgment of this court.

This court may correct an error. If an error is supposed to have been made, there is a remedy, not by appeal, but by a motion in this court to recall the *remittitur* and have the matter

reviewed by petition for a rehearing. But if the *remittitur* has not been recalled, the action of the Circuit Court thereupon is not appealable, because there is no judgment of the Circuit Court to appeal from.

The court thereupon made the following order, prepared by counsel:

Per Curiam. It appearing to the satisfaction of the court that the appeal as above stated is made from the order of his honor, Judge Izlar, simply fixing and naming a new day for the execution of a previous judgment of the Circuit Court, which previous judgment had been appealed from and confirmed by this court (any other matter in Judge Izlar's order being surplusage), said order of Judge Izlar is clearly not appealable, and therefore the motion is granted and the appeal is dismissed.